PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2007 Ford Edge was struck by dust and gravel while claimant Michael Walker was traveling northbound on W. Va. Route 62 in Midway, Putnam County. W. Va. Route 62 is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 10:00 p.m. and 10:30 p.m. on March 2, 2007. W. Va. Route 62 is a two-lane highway at the area of the incident involved in this claim. Michael Walker testified that he had noticed piles ofmud and debris on the road from where a logging company had tracked it onto the road. Claimant testified that he saw the log trucks bringing the debris onto the road. He stated that when he drove in the same area later that same day, wind blew dust and gravel onto his vehicle, damaging the hood, fender, grill, and headlights totaling $1,255.53.
The position of the respondent is that it didnot have actual or constructive notice of the condition on W. Va. Route 62 at the site of claimants’ accident for the date in question. Gordon Bowles, Crew Chief Supervisor I for respondent in Putnam County, testified that crews for respondent had taken a snow plow and scraped the mud and debris off óf W. Va. Route 62 on February 21, 2007 after receiving a complaint about the condition of the road. He stated that a logging company was bringing the debris onto the roads and that crews for respondent removed the debris whenever they received complaints about it.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the debris in the road which claimants’ vehicle struck prior to the incident in question. Further, testimony at hearing identified a logging company as the cause of the debris being brought onto the road. Respondent cleared the debris after being made aware of it. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus, the claimants may not make a recovery for their loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.